IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



| | |
|---|---|
| PATTI WHITTINGTON | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:03-cv-1118 BN |
| KAVANAUGH GROUP TEMPORARY SERVICES, INC. | DEFENDANT |
| VS. | |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY | GARNISHEE DEFENDANT |
| VS. | |
| BANK ONE, NA, n/k/a JP MORGAN CHASE | INTERVENING GARNISHMENT DEFENDANT |

### AGREED ORDER GRANTING BANK ONE'S
### MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM

**THIS MATTER** came before the Court on the Motion for Summary Judgment on Counterclaim (the "Motion") filed by Intervening Garnishment Defendant Bank One, NA, n/k/a JP Morgan Chase Bank, NA ("Bank One"), and the response thereto (the "Response") filed by Plaintiff Patti Whittington ("Plaintiff"). The Court, after having considered the Motion and the Response, and taking notice that neither Kavanaugh Group Temporary Services, Inc. ("Kavanaugh") nor The Kansas City Southern Railway Company ("KCS") responded to the Motion, finds as follows:

1. On March 14, 2005, this Court entered a Final Judgment (the "Judgment") in the above-numbered cause in favor of the Plaintiff and against Kavanaugh in the sum of $53,000 plus interest and costs.

2. On March 29, 2005, in an effort to execute upon the Judgment, Plaintiff initiated the first Writ of Garnishment proceeding (the "First Garnishment Proceeding") by filing a Suggestion For Writ of Garnishment (the "First Suggestion") with the Clerk of this Court. In the First Suggestion, Plaintiff alleged, *inter alia*, that KCS is indebted to Kavanaugh and, based on that alleged indebtedness, requested the issuance of a Writ of Garnishment (the "First Writ") against KCS.

3. On March 30, 2005, KCS was served with the First Writ.

4. On April 22, 2005, KCS filed a sworn Answer to the First Writ (the "First Answer"). The First Answer stated, *inter alia*, that KCS was indebted to Kavanaugh in an amount exceeding the Judgment as of the date the First Writ was served. The First Answer also stated that, as of the date the First Answer was filed, an amount exceeding the Judgment was due to be paid by KCS to Kavanaugh.

5. On April 29, 2005, this Court entered an Order (the "April 29 Order") requiring Kavanaugh to pay to Plaintiff an additional $55,687.50 in legal fees, $1,794.28 in court costs, and $1,342.71 in litigation costs.

6. On May 2, 2005, in an effort to obtain this sum in addition to the amount of the current Judgment, Plaintiff initiated the second Writ of Garnishment proceeding (the "Second Garnishment Proceeding") by filing a second Suggestion For Writ of Garnishment (the "Second Suggestion") with the Clerk of this Court. In the Second Suggestion, Plaintiff alleged, *inter alia*, that KCS is indebted to Kavanaugh, and, based on that alleged indebtedness, requested the issuance of a Writ of Garnishment (the "Second Writ") against KCS.

7. On May 2, 2005, KCS was served with the Second Writ.

8. On May 27, 2005, KCS filed a sworn Answer to the Second Writ (the "Second Answer"). The Second Answer stated, *inter alia*, that KCS was indebted to Kavanaugh in the amount of $182,931.61 as of the date the Second Writ was served. This amount exceeds the amount of the Judgment plus the additional sums reflected in the April 29 Order. The Second Answer also stated that, as of the date the Second Answer was filed, the $182,931.61 was due to be paid by KCS to Kavanaugh, bearing no interest.

9. Based on the foregoing, Plaintiff was seeking, via the First Garnishment Proceeding and the Second Garnishment Proceeding (collectively, the "Proceedings"), to garnish at least a portion of the funds that KCS owes to Kavanaugh

10. The funds that KCS owes to Kavanaugh, including, but not limited to, the portion of those funds that Plaintiff was seeking to garnish via the Proceedings, represent an accounts receivable, or account, that KCS owes to Kavanaugh.

11. Based on the various Promissory Notes, Commercial Security Agreements, and UCC filings described in Bank One's Motion, and/or in the supporting Memorandum and Supplement related thereto, as well as on the Declarations submitted by Bank One, Bank One has an enforceable and properly perfected security interest in Kavanaugh's accounts (hereinafter, "Accounts") securing a debt of $220,383.93 as of December 31, 2005 (the "Indebtedness"). As such, Bank One has an enforceable and properly perfected security interest in the funds that KCS owes to Kavanaugh, including, but not limited to, the portion of those funds that Plaintiff was seeking to garnish via the Proceedings.

12. Bank One's security interest in the Accounts primes any garnishment lien and/or other interest that Plaintiff may have, or claim to have, to such funds.

13. Pursuant to Article 9 of the UCC and the terms of the various Commercial Security Agreements referenced above, Bank One has the right to enforce its security interest in the funds that KCS owes to Kavanaugh by notifying KCS to pay those funds directly to Bank One for application to the Indebtedness. Bank One so notified KCS in its Memorandum of Authorities in Support of the Motion.

14. Kavanaugh is in default on its Indebtedness to Bank One. As a result, pursuant to Article 9 of the UCC, Bank One is entitled to enforce its security interest in the funds that KCS owes to Kavanaugh by any available judicial procedure.

15. Accordingly, Bank One is entitled to: (i) a Judgment declaring that its claim to and interest in the funds sought to be garnished from KCS in the Proceedings is superior to that of Plaintiff; (ii) an Order quashing and/or dismissing the First Writ and the Second Writ with prejudice; and (iii) an Order directing KCS to pay over the funds that it owes to Kavanaugh directly to Bank One.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that Bank One's Motion be, and hereby is, granted, and, accordingly,: (i) that Bank One's claim to and interest in the funds sought to be garnished from KCS in the Proceedings is superior to that of Plaintiff; (ii) that the First Writ and the Second Writ are hereby quashed and dismissed with prejudice, with all parties to bear their own costs; and (iii) that KCS is hereby ordered to make payment of the $182,931.61, along with any additional funds it may owe to Kavanaugh, directly to Bank One.

**SO ORDERED, ADJUDGED AND DECREED**, this the 2nd day of February, 2006.

_____
WILLIAM H. BARBOUR, JR.
UNITED STATES DISTRICT JUDGE

Agreed to and Approved for Entry:

*/s/ Danny E. Ruhl*

William H. Leech (MSB # 1175)
Danny E. Ruhl (MSB # 101576)
Attorneys for Bank One

*/s/ Michael Farrell*

Michael Farrell (MSB #5147)
Attorney for Patti Whittington